# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOEL W. ALLEN,  )
 )
       Plaintiff,  )
 )
          vs.  ) CIV-09-97-FHS
 )
LYNETTE LEE, et. al.,  )
 )
       Defendants.  )

## **ORDER**

Plaintiff, Joel Allen, has moved the Court for leave to proceed *in forma pauperis* on his civil rights complaint against the above-named Defendants. Plaintiff has submitted his affidavit in support of his motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court finds Plaintiff is entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is therefore granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering

1

such complaints." Neitzke 490 U.S. at 324.

A court may dismiss an *in forma pauperis* suit if "it lacks an arguable basis either in law or in fact." Id. at 325. With respect to factual frivolousness, courts are authorized to dismiss such suits "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' Jolly v. Klein, 923 F.Supp. 931, 942 (S.D. Tex. 1996)(quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). To sustain a dismissal for frivolousness the facts must "rise to the level of the irrational or the wholly incredible." Jolly, 923 F.Supp. at 942. Dismissal is not warranted "simply because the court finds the Plaintiff's allegations unlikely." Id. at 942-43.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992).

In his civil rights complaint, Plaintiff attempts to assert a variety of incoherent allegations against the Defendants. Plaintiff brings this action under the authority of 42 U.S.C. §§ 1983, 1985 and habeas corpus. Plaintiff alleges that all defendants conspired to wrongfully convict and destroy exculpatory evidence. He also claims they submitted perjured testimony and tampered with evidence.

Plaintiff's complaint is a diatribe of non-specific, conclusory rantings of alleged conspiratorial conduct on the part of Defendants.

2

A representative sample of the bizarre nature of the allegations of Plaintiff's complaint follows:

> 1. At my trial all defendants did wrong please see all evidence on file in case # 608-cv-334.
>
> 2. I am not capable due to mental illness so please see all evidence in 608-cv-334.
>
> 3. Why did you let this happen you know they did wrong Sec. 7.56 on the an error on my part?

The Court concludes these allegations, as well as the balance of the allegations contained in Plaintiff's complaint, authorize the Court to dismiss Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The complaint is devoid of any factual data linking Defendants to Plaintiff's perceived persecution, much less to any recognizable legal theory of recovery. Plaintiff's complaint is nothing more than inflammatory rhetoric. Whether viewed as a whole or individually as to the specifically pled legal theories, Plaintiff's complaint is "clearly baseless" in the sense that the allegations are fanciful, fantastic, and delusional. <u>Jolly</u>, 923 F.Supp. 942. Consequently, the Court is compelled to dismiss this action as frivolous.

Based on the foregoing reasons, the Court finds Plaintiff's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and orders this action dismissed in its entirety.

**IT IS SO ORDERED** this 18th day of March 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma